UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRIS RYAN MARDIS                                                                                           PLAINTIFF

VERSUS                                                           CIVIL ACTION NO. 3:14-cv-549-CWR-FKB

NEWS CENTER II WTOK NETWORK                                                                  DEFENDANT

**MEMORANDUM OPINION**

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Mardis, an inmate of the Lauderdale County Detention Center, filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983. Plaintiff was granted permission to proceed *in forma pauperis* in this case. *See* Order [6]. The named Defendant is News Center II WTOK Network. Upon liberal review of the Complaint [1], the Court has reached the following conclusions.

**I.      Background**

Plaintiff complains that when he escaped from the Kemper-Neshoba County Regional Correctional Facility, he was "on News Center II WTOK Network . . . labeled armed and dangerous" which put his "life in jeopardy" because he was "shot at several times." Compl. [1] at 4. Plaintiff seeks monetary damages from the Defendant for "slandering and scandalizing" his name and his family's name. *Id.*

**II.     Analysis**

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See* 28 U.S.C. § 1915 (e)(2)(B). Since the Court has permitted Plaintiff Mardis to proceed *in forma pauperis* in this action, his Complaint is subject to the case screening procedures set forth in 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court in *West* concluded that, in order to act under color of state law, the defendant in a § 1983 action must have exercised power which the defendant possessed by virtue of state law, and the exercise of that power must be made possible only because the wrongdoer is clothed with authority of state law. *Id.* at 49 (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Plaintiff gives no indication that Defendant News Center II WTOK Network "exercised power possessed by virtue of state law and made possible only because [the news program or television station] is clothed with authority of state law." *Id.* Plaintiff's Complaint indicates that the Defendant is news program on a private television station. The "acts of private parties," such as News Center II WTOK Network, "even if wrongful, do not fall under the ambit of the Constitution." *Bui Phu Xuan v. Forth Worth Star Telegram*, 277 F. App'x 452, 454 (5th Cir. 2008)(citing *United States v. Sealed Juvenile 1*, 255 F.3d 213, 216 (5th Cir. 2001)). The Court finds that Defendant News Center II WTOK Network is not a person acting under color of state law. Therefore, Plaintiff has failed to state a cognizable claim for relief under 42 U.S.C. § 1983. *See Cruz v. Hopper*, 73 F. App'x 62, 63 (5th Cir. 2003)(finding district court properly determined inmate's claim against non-governmental private defendant failed to state a claim under § 1983).

**III. Conclusion**

This case will be dismissed with prejudice pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) because Plaintiff has failed to state a claim on which relief may be granted. This dismissal will count as a

"strike" under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).  To the extent Plaintiff is asserting any state law claims they will be dismissed without prejudice.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 16th day of September, 2014.

s/Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE